**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 08-255 (JRT/FLN) |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION TO DIMISS AND MOTION TO SUPPRESS EVIDENCE** |
| ANTON LAMONT BURNES, | |
| Defendant. | |

Erica H. MacDonald, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Albert A. Garcia, Jr., **GARCIA & ASSOCIATES, PA**, 250 Marquette Avenue, Suite 500, Minneapolis, MN 55401, for defendant.

On December 12, 2008, defendant Anton Lamont Burnes filed a motion to dismiss this case alleging that his arrest violated the Fourth Amendment to the United States Constitution, and a motion to suppress evidence derived from that allegedly illegal arrest. For the reasons below, the Court denies Burnes's motions.

**BACKGROUND**

On July 28, 2008, Burnes was detained by the St. Paul Police Department after Sergeant Patricia Englund issued a "probable cause pickup and hold" for Burnes. Sgt. Englund issued the pickup and hold based on information suggesting that Burnes was the "shooter" in the May 2008 murder of Kevin Dunn. When St. Paul police officers

arrested Burnes, they found a loaded handgun on his person. As result of his several felony convictions, Burnes is prohibited from possessing a firearm. On August 12, 2008, a federal grand jury returned a one-count indictment against Burnes, charging him with being a felon in possession of a firearm. (Docket No. 9.)

Burnes was arraigned on August 18, 2008, and the Magistrate Judge set September 5, 2008, as the deadline for filing all pretrial motions. On September 5, Burnes filed several pretrial motions, including a motion to suppress statements and a motion to dismiss the indictment for selective prosecution. (Docket Nos. 31-32.) The Magistrate Judge held an evidentiary hearing on September 10, 2008, and Burnes subsequently withdrew those motions. (Docket No. 50.) After Burnes filed two successive motions to continue the trial date, which was originally set for October 20, 2008, on December 15, 2008, Burnes filed the motions that are currently before the Court. (Docket Nos. 62-63.)

In the instant motions, Burnes argues that the criminal charge against him for being a felon in possession of a firearm should be dismissed and the evidence obtained as a result of his allegedly illegal and improper arrest should be suppressed. (*Id.*) Burnes does not elaborate on his argument for dismissal, but the Court assumes that suppression of the evidence at issue, the loaded handgun, would inevitably lead to the dismissal of the criminal case.

## DISCUSSION

There are some pretrial motions, such as "a motion alleging a defect in instituting the prosecution" or a motion to suppress evidence, that must be made before trial. Fed. R. Crim. P. 12(b)(3). Under Federal Rule of Criminal Procedure 12(c), "[t]he court may, at the arraignment . . ., set a deadline for the parties to make pretrial motions and may also schedule a motion hearing." Fed. R. Crim. P. 12(c). "A party waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c)." Fed. R. Crim. P. 12(e). The Court may grant relief from waiver, however, "for good cause." *Id.*

In this case, the Magistrate Judge set a deadline of September 5, 2008, pursuant to Rule 12(c), for the parties to submit their pretrial motions. The Magistrate Judge also held an evidentiary hearing on all pretrial motions filed prior to the expiration of the deadline. Burnes subsequently withdrew his pretrial motions. Burnes filed the instant motions over three months after the pretrial motion deadline. Burnes, however, does not show or even attempt to show good cause for the untimely filing of these motions. Accordingly, the Court denies Burnes's motions to dismiss and to suppress evidence.

The Court adds that these motions would also be denied on their merits. Burnes essentially argues that at the time of his arrest, there was no warrant authorizing his arrest and the officers who arrested Burnes did not have probable cause to arrest him. The Court does not find, as Burnes suggests, that the underlying cause for Burnes's arrest was based merely on his criminal history and the St. Paul Police Department's knowledge of that history. (Docket Nos. 62-63.) Rather, evidence presented at the evidentiary hearing

before the Magistrate Judge supports the claim that Sgt. Englund had probable cause to believe that Burnes committed the murder of Kevin Dunn. The St. Paul Police Department appropriately issued an active probable cause pickup and hold for Burnes and officers consequently had authority to arrest him.

## ORDER

Based on the foregoing, all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Anton Lamont Burnes's Motion to Dismiss for Illegal and Improper Arrest [Docket No. 62] is **DENIED**.

2. Defendant Anton Lamont Burnes's Motion to Suppress Evidence Derived from Illegal Arrest [Docket No. 63] is **DENIED**.


DATED: January 6, 2009            ____s/ John R. Tunheim____
at Minneapolis, Minnesota.                  JOHN R. TUNHEIM
                                                    United States District Judge